**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| NANCY FIGUEROA, | ) | **Case No.  1:05 CV 999** |
| | ) | |
| **Plaintiff,** | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **U.S. POSTAL SERVICE, John E. Potter,** | ) | |
| **Postmaster General, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


This case involves a U.S. Postal Service employee's allegations of discriminatory and tortious workplace conduct on the part of her supervisors.  The parties have filed the following dispositive and non-dispositive motions which address the state and federal claims alleged in the Second Amended Complaint filed on October 24, 2005.[1]  *ECF No. 16*.

First, Defendants filed a Notice of Substitution of the United States of America in place of the individual defendants and Plaintiff's supervisors (Defendants Susan Taylor, Catherine Thomas and Barbara Urszeni) with respect to Plaintiff's tort claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671-2680.  *ECF No. 18*.  The Notice contains a certification from the United States Attorney that the individual defendants were acting within the scope of their employment for FTCA purposes.  *Id., Attach*.  Along with the

---

[1]The ECF numbers for the pending motions are highlighted in bold.

Notice, Defendants filed a Motion to Dismiss Substituted Defendant United States of America, asking the Court to dismiss the FTCA claims against the Government for failure to exhaust administrative remedies, insufficient service and on immunity grounds ("Motion to Dismiss the Tort Claims") (**ECF No. 19**).

Defendants also filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment etc., asking the Court to dismiss the remaining federal claims for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service and failure to state claim ("Motion to Dismiss the Federal Claims") (**ECF No. 20**).  In the alternative, the Postal Service asks the Court to grant summary judgment in its favor because there are no genuine issues of material fact and it is entitled to judgment as a matter of law.  *Id*.

Thereafter, Plaintiff filed a Motion for Leave to File Affidavits and/or Declarations and Take the Depositions of the Individual Defendants in Support of Request for Judicial Review of the United States Attorney's Certification Pursuant to 28 U.S.C. §§ 2679(b), (d) (**ECF No. 28**).  Plaintiff also filed a Motion to Stay and/or Otherwise Defer Ruling upon [Defendants' dispositive motions], asking the Court to defer its rulings until such time as Plaintiff can conduct certain discovery (**ECF No. 39**).

The Court has reviewed the pending motions and the entire record, and is prepared to issue its rulings.

## I.    BACKGROUND

On April 18, 2005, Plaintiff Nancy Figueroa, a 25-year employee of the United States Postal Service ("Postal Service"), filed a complaint against James Petro, Ohio Attorney General; the Postal Service, John E. Potter, Postmaster General; Alberto Gonzales, U.S. Attorney General; and Catherine Thomas, Susan Taylor and Barbara J. Urszeni.  *ECF No. 1 ("Compl.")*.

Plaintiff is  presently a Level 6 F.T. Clerk/GLDC who spends part of her work day at the Lorain

(Ohio) Carrier Annex and the rest of her day at an off-site location.  *Compl*. § 22; *Second Am.*

*Compl*. ¶ 42.  Defendant Susan Taylor is the Post Master at the Annex, and Defendants Barbara

Urszeni and Catherine Thomas are her supervisors at the Annex.  *Compl*. ¶¶ 14-16; *Second Am.*

*Compl*. ¶¶ 16-18.

   In her complaint, Plaintiff, a Mexican female over the age of 40, alleged generally

that Defendants discriminated against and harassed her based on her religion, national origin,

race, gender and age in violation of state and federal law.  *Compl*. ¶¶ 1-4.  Plaintiff claimed that

Defendants retaliated against her for filing EEO charges, and that they violated the Family

Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2611-2619, and the Federal Employee

Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8193.  *Compl*. ¶ 7.  She also charged the

individual defendants with the torts of intentional infliction of mental distress, intentional

interference with employment and harassment, all in violation of the FTCA.  *Compl*. ¶ 6.

   On May 6, 2005, Plaintiff filed an amended complaint against the Postal Service,

Thomas, Taylor and Urszeni.  *ECF No. 3*.  The Postal Service filed a notice of substitution of the

United States of America as party defendant with respect to Plaintiff's tort claims, and

dispositive motions with regard to all claims.  *ECF Nos. 5, 6, 7*.  On October 4, 2005, Plaintiff

filed a motion for leave to file a second amended complaint.  *ECF No. 11*.  The Court granted the

motion for leave, and denied as moot the other motions.  *See ECF No. 14*.

   On October 24, 2005, Plaintiff filed an amended complaint against the Postal

Service, the United States Attorney General, Thomas, Taylor and Urszeni.  *ECF No. 16*

("Second Am. Compl.").  This Second Amended Complaint alleges the following claims.  The

First Cause of Action alleges age discrimination in violation of the Age Discrimination in

Employment Act ("ADEA"), 29 U.S.C. §§ 626-634, based upon Administrative Case Nos. 4C-440-0116-05 and 4C-440-0268-04.  *Second Am. Compl*. ¶¶ 33-55.  The Second Cause of Action alleges national origin discrimination in violation of Title VII based upon Administrative Case No. 4C-440-0268-04.  *Id*. ¶¶ 57-68.  The Third Cause of Action alleges retaliation under Title VII based upon Administrative Code Nos. 4C-440-0176; 4C-440-0268-04; and 4C-440-0116-05.  *Id*. ¶¶ 70-78.  The Fourth Cause of Action alleges claims of intentional infliction of mental distress, intentional interference with employment and harassment against Defendants Thomas, Taylor and Urszeni.  *Second Am. Compl*. ¶¶ 79-95.  The Fifth Cause of Action alleges a violation of the FECA based on an injury that occurred in the parking lot of the Annex on February 9, 2005.  *Id*. ¶¶ 97-102.  The Sixth Cause of Action is a claim against the individual defendants for intentional interference with employment.  *Id*. ¶¶ 103-113.  The Seventh Cause of Action alleges interference with Plaintiff's FMLA rights and retaliation based on her exercise of those rights.  *Id*. ¶¶ 115-124.

On November 7, 2005, the United States filed a Notice of Substitution of the United States of America (the "Government") for individual defendants Thomas, Taylor and Urszeni for purposes of the FTCA tort claims.  *ECF No. 18*.  Attached to the notice was a document signed by United States Attorney Gregory A. White certifying that he read the complaint and determined that Thomas, Taylor and Urszeni were acting within the scope of their employment with the Postal Service with respect to the facts alleged in the complaint.  *Id., Attach*.

That same day, Defendants filed the pending Motion to Dismiss the Tort Claims. *ECF No. 19*, and the pending Motion to Dismiss the Federal Claims, *ECF No. 20*.

**II.**

In its Motion to Dismiss the Tort Claims, the Government argues, among other things, that the tort claims should be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to exhaust her administrative remedies.  *ECF No. 19*.  Plaintiff counters that she timely filed her administrative claims and, in any event, exhaustion is futile.  Because of the Court's conclusion that it lacks subject matter jurisdiction over the torts articulated in the Fourth and Sixth Causes of Action, it need not address the Government's other arguments.[2]

**A.**

Motions to dismiss for lack of subject matter jurisdiction fall under one of two general categories, facial attacks or factual attacks.  Fed. R. Civ. P. 12(b)(1); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *City of Olmsted Falls v. USEPA*, 266 F.Supp.2d 718, 721-22 (N.D. Ohio 2003).  A facial attack challenges the sufficiency of the pleading itself.  *Id.* .  In reviewing such motion, the court must take the material allegations of the pleading as true and construe them in the light most favorable to the nonmoving party.  *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)).  A factual attack, on the other hand, is a challenge to the factual existence of subject matter jurisdiction.  *Id.*  No presumption of truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)).  The Government's Rule 12(b)(1) Motion to

---

[2]The Government also argues that the FTCA claims should be dismissed for lack of service.  However, it appears from the record that Plaintiff has now perfected service on all Defendants.  In addition, the Government also argues that the tort claims against the individual defendants should be dismissed because they are entitled to absolute immunity.  The Court need not address this argument based on its ruling, below, that the Government properly substituted itself for the individual defendants.

Dismiss the Tort Claims is a facial attack on the Court's subject matter jurisdiction.  *ECF No. 19*, at 4.

## B.

"Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679 (the "Westfall Act"), the United States may be substituted in a civil action for money damages brought against a federal employee who is alleged to have committed a common law tort while acting within the scope of his or her employment." *Gilbar v. U.S.*, No. 99-3538, 2000 WL 1206538 at *2 n.1 (6th Cir. Aug. 18, 2000) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1142 (6th Cir. 1996), in turn citing *Arbour v. Jenkins*, 903 F.2d 416, 420 (6th Cir. 1990)).  The Westfall Act provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1); *RMI Titanium*, 78 F.3d at 1143.  The Attorney General has delegated to the United States Attorney the authority to provide such certification.  28 C.F.R. § 15.3 (1989); *RMI Titanium*, 78 F.3d at 1143.  The Attorney General's certification provides *prima facie* evidence that the employees were acting in the scope of their employment.  *Singleton v. United States*, 277 F.3d 864, 870-71 (6th Cir. 2002) (citing *RMI Titanium*, 78 F.3d at 1143).  To challenge the certification, the plaintiff must produce evidence showing that the defendants were not acting within the scope of employment.  *Id*. at 871.  If the plaintiff is successful, the Government must then produce evidentiary support for its certification.  *Id*.  If the plaintiff fails to produce such evidence, the certification is deemed conclusive.  *Guttierez de Martinez v. DEA*,

-6-

111 F.3d 1148, 1153 (4th Cir. 1997).  Although a district court may conduct an evidentiary hearing to determine whether certification is appropriate in a particular case, no hearing is needed where the complaint allegations, if taken as true, establish that the employee was acting within the scope of employment.  *Singleton*, 277 F.3d at 871 (citing *RMI Titanium*, 78 F.3d at 1143).

Whether an employee was acting within the scope of employment is a question of law governed by the law of the state in which the conduct occurred.  *Kinsey v. Kinsey*, 98 F.Supp.2d 834, 836 (N.D. Ohio 2000) (citing  *RMI Titanium*, 78 F.3d at 1143).  Under Ohio law, an employee acts within the scope of employment if his conduct (1) is of the kind which he is employed to perform; (2) occurs substantially within the authorized limits of time and space; and (3) is motivated, at least in part, by a purpose to serve the employer.  *Allstate Ins. Co. v. Quick*, 107 F.Supp.2d 900, 905 (S.D. Ohio 1999) (citing *Anderson v. Toeppe*, 116 Ohio App.3d 429, 436 (1996)).  "[A]n employee acts within the scope of his authority during the course of employment even though acting intentionally or maliciously."  *Id.* (citing *RMI Titanium*, 78 F.3d at 1143).  However, "[a]n employer is not liable for the independent acts of employees that in no way facilitate or promote the employer's business."  *Id.* (citing *Heuton v. Anderson*, 75 F.3d 357, 361 (8th Cir. 1996)).

Here, U.S. Attorney Gregory White has provided written certification that Defendants Thomas, Taylor and Urszeni were acting within the scope of their employment with the Postal Service at the time of the alleged unlawful acts.  Plaintiff challenges the certification.[3]

_____

[3]The certification question is significant because if the Court affirms the Government's certification that the defendants were acting within the scope of employment, then the plaintiff must exhaust her administrative remedies before filing her torts claims in federal court.  If not, then the plaintiff does not need to exhaust her administrative remedies before filing her tort claims

As evidence that the individual defendants did not act within the scope of their employment, Plaintiff has provided the affidavits of co-workers Joseph L. Lesko, *ECF No. 28, Ex. 2* ("Lesko Aff."), and Mary Ann Janda, *ECF No. 38* ("Janda Aff.").  Ms. Janda avers that she overheard Defendant Urszeni state on the telephone that "we have a problem with our favorite employee," *Janda Aff.* at 1;  Janda heard Thomas say that the reason Plaintiff was sent home for wearing short shorts was because her "ass cheek was hanging out of the shorts" and to protect the guys from possible sexual harassment charges, *id.*;  Janda overheard Thomas say that if Plaintiff reported to work after the shorts incident and did not leave, the police were to be called immediately to remove her, *id.* at 2;  unlike Plaintiff, other white female employees under 40 were not required to be cleared medically before reporting to work after stress leave, *Janda Aff.* at 2;  unlike Plaintiff, other white employees were not required to conform with the dress code and other off-site employees were not required to punch the time clock, *id.*;  Plaintiff told her that after she fell in the parking lot, Urszeni would not permit any employee to take her to the emergency room, *id.* at 2-3;  and contrary to Postal Service policy, Plaintiff's supervisor would not allow a continuation of Plaintiff's pay until a determination was made regarding her sick or annual leave, *id.* at 3.

Mr. Lesko avers that part of his job responsibilities (the "A to Z function") was foisted on Plaintiff resulting in a decrease of her mail-throwing responsibilities, *Lesko Aff.* at 1; after Plaintiff questioned Thomas concerning the alleged uneven distribution of overtime to Thomas' favorite employees, Thomas tore up the overtime sheet and stated that no one would get overtime, *id.*;  after Lesko witnessed an argument that took place between Thomas and

against the individual defendants.

another co-worker in front of a customer, Thomas asked Lesko to lie about the presence of the

customer – and when Plaintiff filed a report on that argument, a fraud investigation was initiated

and Plaintiff was questioned, *id*. at 1-2;  unlike Plaintiff, Lesko was never required to clock in

and out of the off-site location, *Lesko Aff*. at 2;  although Lesko was required to train Plaintiff on

bulk mail processing, he was never able to do so because Plaintiff's supervisor would not

accommodate Plaintiff's schedule to coincide with his, *id*.

   The Fourth and Sixth Causes of Action make similar allegations: Thomas

obstructed Plaintiff's bulk mail cart movement, *Second Am. Compl*. ¶ 83;  Thomas improperly

stated that Plaintiff was wearing improper clothing, and told her she was sinful and should go to

confession, *id*. ¶¶ 84, 86;[4]  Thomas lost or destroyed Plaintiff's FMLA documents, *id*. ¶ 85;

Taylor demanded a fitness for duty examination to return to work, *id*. ¶ 87;  Urszeni refused to

transport Plaintiff or obtain medical treatment after she fell in the parking lot, *id*. ¶ 88;  Thomas,

Taylor and Urszeni required her to obtain a psychiatric evaluation for stress leave, *id*. ¶ 90;  they

also required her to keep track of her off-site time and mileage, *Second Am. Compl*. ¶ 91;  they

assigned others to perform her duties, *id.* ¶ 105, 110;  they deprived her of bulk mail training,

*id*. ¶ 106, 108;  they refused to give her keys and computer codes to the Annex, *id*. ¶ 109;  and,

they deprived her of overtime, *id*. ¶ 111.

   Assuming the truth of these allegations, the Court finds that the conduct at issue is

within the scope of the individual defendants' employment as supervisors of Plaintiff because

they were either enforcing work rules or disciplining her.  This is not to say that the conduct of

---

[4]At the Case Management Conference, Plaintiff conceded that the "confession" allegation
related to the controversy surrounding her work apparel.

Plaintiff's supervisors was fair, appropriate or even lawful.  Indeed, the aforementioned averments suggest that Plaintiff's supervisors may have enforced work rules or disciplined her in a malicious, discriminatory or arbitrary manner.  However, enforcing work rules and meting out workplace discipline is the type of conduct Plaintiff's supervisors were employed by the Postal Service to perform, and the conduct occurred during work hours at the postal facility where they were all employed.  *Allstate Ins. Co.*, 107 F.Supp.2d at 905; *Anderson*, 116 Ohio App.3d at 436.  The Court also finds that their conduct was motivated, at least in part, by a purpose to serve the Postal Service.  *Id*.  Thus, the Court concludes that no evidentiary hearing is warranted, and the Government has properly substituted itself for the individual defendants in this case.

Accordingly, the Motion for Leave to File Affidavits and/or Declarations and Take the Depositions of the Individual Defendants in Support of Request for Judicial Review of the United States Attorney's Certification Pursuant to 28 U.S.C. §§ 2679(b), (d) (**ECF No. 28**) is **DENIED**.

## C.

Next, the Government challenges the Court's subject matter jurisdiction over the tort claims.  Federal courts have jurisdiction over civil actions on claims against the United States for money damages.  28 U.S.C. § 1346(b).  To bring a tort claim against the Government, the plaintiff must first establish that the Government has waived its sovereign immunity.  *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) (per curiam) (citations omitted).  The FTCA is the exclusive waiver of sovereign immunity for tort claims against the Government, its agencies and its employees acting within the scope of their employment.  28 U.S.C. § 2679.  *See Arbour v. Jenkins*, 903 F.2d 416, 419 (6th Cir. 1990).  The waiver is not unlimited, however.

-10-

With respect to FTCA claims, the Government has waived its sovereign immunity only insofar as the plaintiff has exhausted her administrative remedies.  *See Lundstrum*, 954 F.2d at 1145.

Under 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*Id.*.  "The filing of an administrative claim is jurisdictional and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee."  *Tornichio v. United States*, 263 F.Supp.2d 1090, 1099 (N.D. Ohio 2002) (citing *McNeil v. United States*, 508 U.S. 106 (1993) and *Conn v. United States*, 867 F.2d 916 (6th Cir. 1989)).  "If the agency denies the claim or fails to dispose of it within six months, the claimant may file a civil action in federal court."  *Holt v. Morgan*, 79 Fed. Appx. 139 (6th Cir. 2003).  "Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the claim."  *Id.* (citing *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994)).

The Government contends that the Court lacks subject matter jurisdiction over Plaintiff's tort claims because she failed to exhaust her administrative remedies prior to filing the tort claims in federal court.  The record shows that Plaintiff filed this case on April 18, 2005. Plaintiff asserts that she filed an administrative claim with the Postal Service three days before she filed this lawsuit (i.e., April 15, 2005), and has attached a document to the Second Amended Complaint which purports to be her administrative claim.  *Second Am. Compl.* ¶ 81; *Second Am.*

-11-

*Compl., Ex. S.*  This document does not satisfy the jurisdictional prerequisites of  § 2675.  It lacks authenticity since it is not addressed to the Postal Service and it is not executed by Plaintiff.  *Id.*, Moreover, there is no record of this claim in the Postal Service database record system on which such claims are maintained.  *ECF No. 19*, *Ex. A*, *Declaration of Eleanor L. Royko* ¶ 3.  Even if this April 2005 claim existed, it would still not satisfy § 2675 because the earliest date on which Plaintiff could have filed her tort claims in federal court based on that alleged administrative claim was October 16, 2005 (six months after she filed her administrative claim) unless her claim was denied by the Postal Service earlier.  *Holt*, 79 Fed. Appx. 130.  She clearly did not exhaust her administrative remedies prior to filing this lawsuit.

Plaintiff also alleges that she submitted a second administrative claim to the Postal Service on September 24, 2005.  Postal Service records show that it received this claim on October 13, 2005.  However, this administrative claim was filed five months after Plaintiff commenced her lawsuit, and the claim has not yet been denied.

Plaintiff argues that it was futile to exhaust her administrative remedies, presumably on the basis that she never heard from the Postal Service regarding her April 2005 claim.  However, it is undisputed that she filed her lawsuit only three days after she filed her first alleged administrative FTCA claim and, in any event, this jurisdictional requirement cannot be waived.  *Tornichio*, 263 F.Supp.2d at 1099; *McNeil v. United States*, 508 U.S. 106 (1993); *Conn v. United States*, 867 F.2d 916 (6th Cir. 1989).

Because Plaintiff has failed to exhaust her administrative remedies, the Court concludes that it lacks subject matter jurisdiction over her FTCA claims.  Accordingly, the Motion to Dismiss Substituted Defendant United States of America (**ECF No. 19**) is hereby

**GRANTED** and the FTCA claims alleged in the Fourth and Sixth Causes of Action are dismissed without prejudice.

Although the Court lacks subject matter jurisdiction over the tort claims, the Court has reviewed the case law and notes in passing that Plaintiff's intentional infliction of emotional distress claim under the FTCA is preempted by the Federal Employment Compensation Act.  *See, e.g., McDaniel v. United States*, 970 F.2d 194, 196 (6th Cir. 1992) and text *infra*, at 14-16.

The Court further notes in passing that Plaintiff cannot bring a claim for intentional interference with employment against her supervisors – notwithstanding any argument that the supervisors' conduct was outside the scope of employment.  *See. e.g. Courie v. ALCOA*, 162 Ohio App.3d 133, 142 (Cuyahoga App. 2005) and cases cited therein.  Finally, the Court can find no statute or case law creating a tort cause of action for "harassment," and Plaintiff has not cited any statute or case law to support such a claim.  *See Bruce v. Office Depot, Inc.*, No. 3:03CV464, 2005 WL 1620399 at *3 (S.D. Ohio Jul. 5, 2005).  And Ohio does not recognize a tort for harassment in violation of public policy.  *See, e.g., Bell v. Cuyahoga Community College*, 129 Ohio App.3d 461, 465 (1998).

**III.**

In its Motion to Dismiss the Federal Claims, the Postal Service argues that Plaintiff's ADEA, Title VII, FECA and FMLA claims articulated in the First, Second, Third, Fifth and Seventh Causes of Action should be dismissed for lack of subject matter jurisdiction

and personal jurisdiction, for insufficient service[5] and failure to state a claim.  *ECF No. 20.*

Here, the Government's Rule 12(b)(1) motion is a facial attack on the sufficiency of the complaint.  Thus, the Court must accept the material allegations as true and construe them in the light most favorable to Plaintiff.  *City of Olmsted Falls*, 266 F.Supp.2d at 721-22; *Scheuer v. Rhodes*, 416 U.S. at 235-37.  The Court will address each claim in reverse order.

## A.

The Fifth Cause of Action alleges a claim under the Federal Employee Compensation Act ("FECA"), 5 U.S.C. §§ 8101-8193, for a work-related injury that arose out of Plaintiff's employment with the Postal Service.  *See Second Am. Compl.* ¶¶ 97-102. Specifically, this claim relates to a slip-and-fall accident that allegedly occurred in the parking lot of the Lorain Carrier Annex in February 2005.  *Id.*  In its opposition brief, however, Plaintiff asserts that her FECA claim is predicated on "the personal harm caused by individual Defendants resulting in psychic injury, said acts or conduct being outside the scope of employment such as contact Plaintiff's mother who is unwell under the guise that they don't have the Plaintiff's phone number when, in fact, the Plaintiff's phone number is a matter of record at the Annex."  *ECF No. 23*, at 3.  Under either theory, the claim must be dismissed.

Under FECA, the United States is required to pay compensation for personal injuries sustained by federal employees while performing their duties.  5 U.S.C. § 8102(a). FECA is the sole and exclusive remedy for federal employees seeking damages for injuries sustained in the performance of their duties.  *See* 5 U.S.C. §§ 8102(a), 8116(c);  *Saltsman v.*

---

[5]As previously mentioned, it appears from the record that Plaintiff has now perfected service on all Defendants.

-14-

*United States*, 104 F.3d 787, 789 (6ᵗʰ Cir. 1997).  The Supreme Court has explained:

> FECA's exclusive-liability provision . . . was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity.  In enacting this provision, Congress adopted the principal compromise- the "*quid pro quo*" – commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.

*Id.* (quoting *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983) (emphasis in original); *see also Jones v. Tennessee Valley Auth.*, 948 F.2d 258, 264 (6ᵗʰ Cir. 1991).[6]  Thus, the exclusive remedy for Plaintiff's slip-and-fall claim is through FECA – not this court.

To the extent that Plaintiff is alleging "psychic injury" based on her supervisors' alleged abusive workplace conduct, such claim also falls under FECA.  The Sixth Circuit has made clear that FECA provides the <u>only</u> remedy for an employee disabled by work-related stress.  *See, e.g., McDaniel v. United States*, 970 F.2d 194, 196 (6ᵗʰ Cir. 1992) (the Sixth Circuit agrees with the Secretary of Labor's conclusion that FECA covers emotional injuries caused by abusive supervisor).  *See also Jones*, 948 F.2d at 265; *McVey v. United States*, No. 97-5143, 1997 WL 764499, at *1 (6ᵗʰ Cir. Dec. 4, 1997); *Franklin v. United States*, No. 02-4007, 86 Fed. Appx. 897 (6ᵗʰ Cir. 2004).  Accordingly, mental distress FTCA claims predicated on a supervisor's workplace conduct are preempted by FECA.  *See, e.g., Saltsman*, 104 F.3d at 788-789 (FECA provides sole remedy for federal employee who brought a claim under the FTCA to recover for emotional or physical pains suffered in attack); *Jones*, 948 F.2d at 264 ("[O]nce an

---

[6]The FECA also prohibits judicial review of denials of worker compensation awards by the Secretary of Labor.  5 U.S.C. § 8128(b).

injury falls within the coverage of FECA, its remedies are exclusive and no other claims can be entertained by the court.").

## B.

The Seventh Cause of Action alleges a violation of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2611-2619.  *Second Am. Compl.* ¶¶ ¶¶ 115-124.  Specifically, Plaintiff alleges that the Postal Service violated her FMLA rights by requiring her to provide medical documentation when she had previously provided it, and by calling her mother's home and leaving a message demanding that she take a fitness for duty test before returning from her FMLA leave.  *Second Am. Compl.* ¶¶ 121-22.  The Postal Service asks the Court to dismiss this claim under Rule 12(b)(6) because it fails to state an FMLA claim.  Plaintiff's opposition brief does not address the Postal Service's arguments or mention the FMLA whatsoever.

To set forth an FMLA claim, the Plaintiff must allege that: (1) she engaged in conduct protected by the FMLA; (2) the employer was aware of her exercise of protected rights; (3) the employer took an employment action adverse to her; and (4) there was a causal connection between the protected activity and the adverse employment action.  *Saroli v. Automation & Modular Components, Inc.*, 405 F.3d 446, 451 (6th Cir. 2005) (citing 29 U.S.C. § 2615(a)(1)).  To set forth a retaliation claim, the Plaintiff must allege that (1) she exercised rights protected under the FMLA, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.  *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004) (citing 29 U.S.C.A. § 2601 *et seq.*).

-16-

The Postal Service argues that the FMLA claim should be dismissed because Plaintiff has not alleged that she was denied FMLA benefits to which she was entitled.  The Service also argues that the retaliation claim should be dismissed because Plaintiff has not alleged that she suffered an adverse employment action based on her exercise of FMLA rights.  Significantly, Plaintiff, who is represented by counsel, offers no rebuttal to the Postal Service's contentions.  She does not deny that she has failed to allege facts sufficient to overcome a Rule 12(b)(6) motion, nor does she distinguish the Postal Service's cases.  The undersigned views Plaintiff's failure to respond to the arguments of the Postal Service to be a concession that her Seventh Cause of Action fails to state an FMLA claim.  *Ward v. Visions Matter, LLC*, No. 1:05CV436-TSH, 2006 WL 508712 at *1 (S.D. Ohio Mar. 1, 2006); *Valentino v. Continental Cas. Co.*, No. CIV. A. 99-1101, 2000 WL 33341979 at *5 (W.D. Pa. Jun. 29, 2000); *Clifton Power Corp. v. Fed. Energy Regulatory Comm'n*, 88 F.3d 1258, 1267 (D.C. Cir. 1996).  Accordingly, the Seventh Cause of Action is dismissed with prejudice.

## C.[7]

The Second and Third Causes of action allege, respectively, national origin discrimination and retaliation under Title VII.  *Second Am. Compl.* ¶¶ 57-78.  The Postal Service argues that Plaintiff's Title VII  discrimination and retaliation claims should be dismissed for

---

[7]The Court notes at this juncture that the the complaint and the administrative claims filed by Plaintiff charge every conceivable type of discrimination, i.e., age, race, gender, religion, national origin.  *See, e.g., ECF No. 16, Exs. B, C, D;  see also Second Am. Compl*.  The Court does not condone unfocused allegations and will confine its rulings strictly to the national origin discrimination allegations asserted in the second and third causes of action, and the age discrimination allegations asserted in the first cause of action.  The Court is also perturbed by the admission of Plaintiff's counsel, set forth on page 3 of her opposition brief, that "[t]he Plaintiff's <u>main</u> allegation or contention is that she is being discriminated against due to her age."  *Id.* (emphasis added).  Thus, although the importance of the second and third causes of action is marginal, the Court will go through this exercise.

failure to exhaust administrative remedies.

Title VII provides the exclusive remedy for federal employees claiming workplace discrimination.  *Brown v. G.S.A.*, 425 U.S. 820, 829 (1976).  "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of  'rigorous administrative exhaustion requirements and time limitations.' "  *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir.2002) (quoting *Brown*, 425 U.S. at 833).  *See also Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992); *Ang v. Procter & Gamble Co*., 932 F.2d 540, 545 (6th Cir. 1991).  Accordingly, prior to bringing suit under Title VII, a federal government employee must first timely exhaust all administrative remedies.  *Id.  Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991).

A federal employee who claims to have been the victim of discrimination under Title VII must first bring a grievance to the attention of an Equal Employment Opportunity ("EEO") counselor of his agency within 45 days of the alleged discriminatory act.  29 C.F.R. § 1614.105(a)(1).  If the matter cannot be resolved informally, the employee must file a formal complaint with the EEO officer within 15 days of receiving notice of the right to file such complaint.  29 C.F.R. §§ 1614.105(d), 1614.106(a) and (b).  Upon notice of a final agency decision, the employee may either file an appeal to the Equal Employment Opportunity Commission ("EEOC") or a civil action in federal court.  If the employee elects to file a civil action, he must do so within 90 days of receiving notice of the agency's final action, or no sooner than 181 days after filing his formal complaint if the agency has failed to render a decision.  42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408(a) and (b).  If the employee chooses to appeal to the EEOC, he must file that appeal within 30 days of the agency's final decision.  29

C.F.R. § 1614.402(a).  Thereafter, the employee may file suit in federal court within 90 days of receipt of the EEOC's final decision on the appeal, or no less than 181 days after filing the appeal if the EEOC has not issued a final decision.  29 C.F.R. §§ 1614.408(c) and (d).

The record does not support Plaintiff's claim that she exhausted her Title VII administrative remedies.  The Second Cause of Action alleging national origin discrimination is based on an informal administrative complaint Plaintiff filed on or about August 6, 2004 (Administrative Case No. 4C-440-0268-04).  *See ECF No. 16, Ex. C.*  There is no evidence that she filed a formal complaint based on the allegations in the informal complaint.  There is, however, evidence that Administrative Case No. 4C-440-0268-04 was closed by the Postal Service on September 7, 2004 after Plaintiff failed to file a formal complaint.  *See ECF No. 7, Ex. A, Declaration of Terik Hartz* ("Hartz Decl.") ¶ 4.  Because Plaintiff failed to exhaust her administrative remedies, the claim alleged in the Second Cause of Action must be dismissed.

The Third Cause of Action alleging Title VII retaliation is based on Administrative Case Nos. 4C-440-0268-04, 4C-440-0176-0 and 4C-440-0116-05.  As just mentioned, Plaintiff failed to file a formal complaint based on Case No. 4C-440-0268-04.  Because she failed to exhaust her administrative remedies with respect to that administrative case, the Title VII  retaliation allegations asserted therein are dismissed for lack of jurisdiction.

On July 29, 2001, Plaintiff filed a formal complaint in Case No. 4C-440-0176-0.  That case was dismissed by the Postal Service, which ruling was affirmed by the EEOC on November 17, 2003.  *Hartz Decl.* ¶ 4.  Because Plaintiff failed to file a Title VII action in federal court within 90 days of receiving the EEOC's final decision, the allegations raised in that administrative case are dismissed.

Finally, Plaintiff filed an informal complaint with the EEO counselor (Administrative Case No. 4C-440-0116-05) on or about February 22, 2005. *ECF No. 7, Ex. C.* The informal complaint contains allegations of Title VII discrimination and retaliation as well as age and every other type of discrimination. *Id.* Plaintiff chose not to participate in informal EEO counseling and requested that the agency notify her of her right to file a formal EEO complaint and a civil action. *Hartz Decl., Attach. 2.* On March 18, 2005, Plaintiff received a letter from the Postal Service explaining the requirement that she file a formal EEO complaint within 15 days from her receipt of that letter and, for her age discrimination allegations, her right to bypass the administrative process and file a civil action in district court. *Id., Attachs. 2, 3.* Because Plaintiff failed to file a formal complaint based on any allegations in Case No. 4C-440-0116-05, the Title VII allegations raised in that case must also be dismissed.

In sum, the Court concludes that it lacks subject matter jurisdiction over the Title VII claims articulated in the Second and Third Causes of Action because Plaintiff failed to exhaust her administrative remedies.

### D.

The First Cause of Action charges age discrimination in violation of the ADEA. *See Second Am. Compl.* ¶¶ 33-55. Plaintiff alleges that she filed two administrative claims alleging age discrimination, i.e., Administrative Case Nos. 4C-440-0268-04 and 4C-440-0116-05. *Second Am. Compl.* ¶¶ 33, 36. The administrative cases contain a combination of Title VII and ADEA allegations.

A federal employee charging age discrimination may either follow the administrative process or opt to bypass it. A federal employee who elects to bypass the

-20-

administrative process must give notice of intent to sue to the EEOC within 180 days of the alleged act of discrimination, and at least 30 days prior to filing suit.  29 U.S.C.A. § 633a(d); 29 C.F.R. § 1614.201(a).  The purpose of the 30-day notice is to allow the EEOC to notify prospective defendants in the action so that they may take any and all appropriate action to eliminate the alleged unlawful practice.  29 U.S.C. § 633a(d).  However, an employee cannot pursue both avenues simultaneously.  *Bornholdt v. Brady*, 869 F.2d 57, 62 (2nd Cir. 1989).

The documents which Plaintiff attached to her Opposition Brief which she offers as proof of proper filing with the EEOC do not satisfy the requirements of 29 U.S.C. § 633a(d), 29 C.F.R. § 1614.201(a) and EEOC directives.  Plaintiff argues that she sent a notice of intent to file an age discrimination claim to the EEOC on or about March 18, 2005.  ECF No. 23, at 2.  As proof, she attaches Exhibit D, which purports to be a letter to the Office of Federal Operations which is allegedly signed by her and dated March 18, 2005.  Plaintiff also provides a letter from the EEOC, Office of Federal Operations, dated July 22, 2005, advising that a facsimile transmitted to that office on March 18, 2005 (purportedly the letter in Exhibit D) did not satisfy the requirements of a notice of intent to file a civil action under the ADEA.  According to the July 22nd letter, the March 18th letter was deficient because it did not comply with EEOC Management Directive 110, Chapter IV, Section IV, paragraph (b).  Specifically, Plaintiff failed to include the following information:  the name of the federal agency that allegedly discriminated against her; the date on which the alleged discrimination occurred; and a statement of the nature of the discrimination.  The March 18 letter did not include reference to any administrative claim.  Because of the insufficient information included in the facsimile, the EEOC was unable to notify the Postal Service in accordance with 29 U.S.C. § 633a(d).

Consequently, the March 18 facsimile is not proper notice of intent under the statutory and regulatory requirements.

Following the July 22 letter from the EEOC, Plaintiff apparently attempted to cure the March 18, 2005 facsimile to comply with the EEOC directives.  Exhibit F to the Opposition Brief is a letter to the EEOC, Office of Federal Operations, Federal Sector Programs, dated August 6, 2005.  This letter did not cure the earlier notice to comply with the EEOC directives.  Plaintiff failed to include the following information:  the name of the federal agency that allegedly discriminated against her, and a statement describing the nature of the discrimination.  Also, the letter did not comply with the 30-day notice requirement.  Assuming, *arguendo*, that the August 6, 2005 letter satisfied the EEOC directives, the civil action filed by Plaintiff on April 18, 2005 is plainly premature.

Plaintiff also attached to her Opposition Brief a document marked Exhibit A, which purports to be a letter from the EEOC to the Postal Service regarding a notice of intent to file an age discrimination action.  The document lacks credibility because it contains only the first page of a two-page document and no signature.  The document lacks authenticity because there is no means to determine if it is a true copy of the original.  Despite the lapse of four months since this was pointed out by the Government in its Motion, Plaintiff has failed to file an authentic copy of that document or made any attempt to explain the discrepancy.  Consequently, Plaintiff has failed to show that she exhausted her administrative remedies with respect to her ADEA claim.

Because this claim is dismissed for lack of jurisdiction, the Court need not address the Postal Service's Rule 12(b)(6) argument that Plaintiff failed to state a claim of age

-22-

discrimination because she failed to establish an adverse employment action.  The Court notes in passing, however, that the applicable standard for determining whether a complaint states an age discrimination claim is *Swierkiewicz. v. Sorema N.A.*, 534 U.S. 506, 508 (2002).  In *Swierkiewicz*, the Supreme Court evaluated a complaint alleging national origin discrimination. 534 U.S. at 509.  The Court held that, in the discrimination context, it was not necessary for a plaintiff to allege all the elements of a *prima facie* case of discrimination under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because the *McDonnell Douglas* test is just one way of proving discrimination.  *Perry v. Southeastern Boll Weevil Eradication Found.*, 154 Fed. Appx. 467, 471 (6th Cir. 2005) (citing *Swierkiewicz*, 534 U.S. at 511).  If the claimant had evidence of direct discrimination, the *McDonnell Douglas* test would not be necessary.  *Id.* Thus, the Supreme Court concluded that the complaint was sufficient because it alleged that the plaintiff had been terminated as a result of his national origin, giving the relevant dates and details of the termination.  *Id.* (citing *Swierkiewicz*, 534 U.S. at 514).

In the instant case, Plaintiff has alleged that she was denied economic and overtime opportunities due to her age.  *See Second Am. Compl.* ¶¶ 50-53.  The law is clear that management decisions which inflict direct economic harm meet the standard of an adverse employment action.  *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998);  *White v. Burlington Northern & Santa Fe Ry. Co.*, 310 F.3d 443, (6th Cir. 2002).

**IV.**

In sum, for the reasons explained herein, the Court **GRANTS** the Motion to Dismiss Substituted Defendant United States of America (**ECF No. 19**);  **GRANTS** Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment etc. (**ECF No. 20**);  and

**DENIES** Plaintiff's Motion for Leave to File Affidavits and/or Declarations and Take the

Depositions of the Individual Defendants in Support of Request for Judicial Review of the

United States Attorney's Certification Pursuant to 28 U.S.C. §§ 2679(b), (d) (**ECF No. 28**).

Accordingly, Plaintiff's Motion to Stay and/or Otherwise Defer Ruling upon [Defendants'

dispositive motions] (**ECF No. 39**) is **DENIED AS MOOT**.

        **IT IS SO ORDERED.**

                   */s/Dan Aaron Polster    March 20, 2006*
                   **Dan Aaron Polster**
                   **United States District Judge**